**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. No. 06-** 072-01 ML |
| | : | |
| **ANTONIO L. GIORDANO** | : | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, **ANTONIO L. GIORDANO** have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a one-count Information which charges defendant with Equity Skimming, in violation of 12 U.S.C. § 1715z-19. Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the lowest point of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") but not including probation or a "split-sentence," even if permitted under the guidelines.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under §

3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate, and which falls within the Guideline range determined by the Court.

e. This Plea Agreement is intended to resolve all criminal prosecutions relating to acts of executives, officers, directors and owners of My Place, Inc., Mount St. Francis Associates LP, Hillside Health Center LLC, Hillside Health Center Associates, LP, Coventry Health Center Associates, Inc., Coventry Heath Continuum, Inc., Construction Software, Inc., Consultants Inc., Management Realty Services, Inc., Gregory Building Company, Antonio L. Giordano, Inc., Sterling Health Care Management Company and Simon & Windsor Interiors, Inc., as well as corporate criminal liability for those acts, including criminal prosecution of the defendant, occurring during the period January 1, 1998, and the date of this Agreement, and which were undertaken in relation to projects insured by the Department of Housing and Urban Development (HUD) and federal tax law.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up

to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

a. The amount of the loss under Count 1 is $780,539.00, and therefore the Base Offense Level is Level 20 under Guideline §2B1.1(a)(2) and (b)(1)(H).

b. The offense did not involve 10 or more victims, and therefore there is no increase in the offense level under Guideline §2B1.1(b)(2).

c. The offense did not involve a vulnerable victim under Guideline §3A1.1.

d. The offense did not involve the use of a special skill under Guideline §3B1.3.

e. Restitution, which shall be joint and several with co-defendant John Montecalvo, shall be paid as follows:

1. $267,041.00 to the Receiver of Coventry Health Continuum, Inc.;
2. $130,798.00 to the Receiver of Hillside Health Center LLC; and
3. $382,700.00 to Mount St. Francis Associates LP; however, it is agreed that rather than pay this restitution directly to Mount St. Francis Associates LP, this restitution shall be paid by the defendant to the Internal Revenue Service toward payment of employment taxes owed to the Internal Revenue Service by Mount St. Francis Associates LP.

f. Defendant understands and agrees that the terms of the plea agreement in no way resolve any civil liability relating to the operation of Mount St. Francis, Coventry Health Center, Hillside Health Center, My Place, Inc., or any other entities. Defendant further understands and agrees that this plea agreement in no way restricts the United States of America, acting by and

behalf of HUD, from pursuing any administrative or civil actions against the Defendant or any entities.

g. Defendant understands and agrees that the terms of the plea agreement in no way resolves any civil tax liability, including any penalties and interest. Defendant further understands and agrees that this plea agreement in no way restricts the Internal Revenue Service from pursuing any administrative or civil actions against the Defendant or any entities.

5. Except as expressly provided in paragraph 4, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which defendant is pleading are: Count 1 (Equity Skimming): 5 years imprisonment; a fine of $500,000; a term of supervised release of 3 years; and a mandatory special assessment of $100.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court falls within the guideline range calculated at Offense Level 19 or lower (after taking into account a 3 level decrease in the offense level under Guideline §3E1.1). This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new

offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

ANTONIO L. GIORDANO
Defendant

6-21-06
Date

DONALD K. STERN, ESQ.
Counsel for Defendant

6/21/06
Date

PETER A. DIBIASE, ESQ.
Counsel for Defendant

6-21-06
Date

ANDREW J. REICH
Assistant U.S. Attorney

6-21-06
Date

GERARD B. SULLIVAN
Assistant U.S. Attorney
Chief, Criminal Division

June 21, 2006
Date